**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FILED — GR

03 APR -7 PM 2:42

RONALD C. WESTON SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT MICH.
BY_____

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CASE NO.    1:03 CV0232 |
|              Plaintiff, | ) ) | Honorable    Robert Holmes Bell |
| v. | ) ) | Chief, U.S. District Judge |
| TEAM JO-ANN, INC. | ) ) ) | |
|              Defendant. | ) / | COMPLAINT AND JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of religion, and to provide appropriate relief to Kimberly Rackow who was adversely affected by such practices.

The EEOC alleges that the Defendant Employer failed to promote, failed to provide a reasonable accommodation to the known religious practices of Rackow, who is a member of the Bible Methodist Church. The Defendant Employer unlawfully terminated Rackow because her religious practices conflicted with an employment requirement. Additionally, the Defendant Employer subjected Rackow to a religiously hostile work environment and that the Defendant, having knowledge of the harassment, failed to take reasonable care to prevent the harassment and to take corrective action to end the harassment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343,

1

and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707(e) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) and 42 U.S.C. 2000e-6(e) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Michigan, Southern Division.

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and 707(e) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and 2000e-6(e).

4.      At all relevant times, Defendant, Team Jo-Ann, Inc. (the "Employer"), has continuously been a corporation doing business in the State of Michigan and the City of Traverse City, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Kimberly Rackow filed a charge with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least November 2000, Defendant Employer has engaged in unlawful employment practices at its Traverse City, Michigan facility, in violation of Section 703(a), 42

U.S.C. § 2000e-2(a). The Defendant's unlawful employment practices include the unlawful failure to provide a reasonable accommodation to the known sincerely-held religious beliefs of Rackow, to wit: the belief that she should not work on Sundays. Such unlawful employment practices also include terminating Rackow because her sincerely-held religious belief conflicted with an employment requirement, and failure to promote Rackow because her sincerely- held religious belief.

8.     Further, the Defendant Employer subjected Rackow to a religiously hostile work environment through repeated and ongoing disparaging comments made by store managers and other supervisory personnel about Rackow's religious observances, and that the Defendant, having knowledge of the harassment, failed to take reasonable care to prevent the harassment and to take corrective action to end the harassment.

9.     The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Rackow of equal employment opportunities and to otherwise adversely affect her status as an employee because of her religion, membership in the Bible Methodist Church.

10.     The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

11.     As the result of the unlawful employment practices, Rackow has suffered emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

12.     The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Rackow.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, successors,

3

assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons of all religions, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to implement effective religious accommodation and anti-harassment policies and distribute information about these policies to its employees.

D.    Order the Defendant Employer to make whole Rackow, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.    Order Defendant Employer to make whole Rackow by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above in amounts to be proven at trial.

F.    Order Defendant Employer to make whole Rackow by providing compensation for past nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above in amounts to be proven at trial.

G.    Order Defendant Employer to pay Rackow punitive damages for its malicious or reckless conduct described in paragraphs 7 and 8 above, in amounts to be proven at trial.

H.    Order Defendant Employer to provide training to its supervisors and mangers of their obligations under Title VII to provide religious accommodations and to prevent religious harassment.

I.    Grant such further relief as the Court deems necessary and proper in the public interest.

4

J.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

NICOLAS M. INZEO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

OFFICE OF GENERAL COUNSEL

Trial Services Division
1801 "L" Street, N.W.
Washington, D.C.  20507

DATED: 4/3/03

ADELE RAPPORT (P44833)
Regional Attorney

STANLEY H. PITTS (P33519)
Supervisory Trial Attorney

DALE PRICE (P55578)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
DETROIT DISTRICT OFFICE
Patrick V. McNamara Bldg.
477 Michigan Avenue, Rm. 865
Detroit, Michigan  48226
Telephone:  313/226-7808

5